```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                       :
                                             :
OLD CARCO LLC,                               :    Chapter 11
(f/k/a Chrysler LLC), et al.,                :    Case No. 09-50002 (SMB)
                                             :    (Jointly Administered)
                        Debtors.             :
---------------------------------------------------------X
FTE AUTOMOTIVE USA, INC.                     :
                                             :
                        Plaintiff,           :    Adv. Proc. No. 14-02227 (SMB)
        -- against --                        :
                                             :
OLD CARCO LLC (f/k/a Chrysler LLC)           :
and OLD CARCO LIQUIDATION TRUST,             :
                                             :
                        Defendants.          :
---------------------------------------------------------X
```

## MEMORANDUM DECISION GRANTING MOTION TO DISMISS

**A P P E A R A N C E S:**

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

    Jonathan S. Henes, Esq.
    Joseph Serino Jr., Esq.
    Christopher T. Greco, Esq.
        Of Counsel

*Attorneys for Plaintiff*

JONES DAY
222 East 41st Street
New York, NY 10017

    Corrine Ball, Esq.
    Jeffrey B. Ellman, Esq.
    Brett J. Berlin, Esq.
        Of Counsel

*Attorneys for Defendant Old Carco Liquidation Trust*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

FTE Automotive US, Inc. ("FTE") is a defendant in a class action currently pending in the United States District Court for the Eastern District of Texas (the "Texas Action"). The class representative in the Texas Action has asserted the rights of Old Carco LLC (f/k/a Chrysler LLC) ("Old Chrysler") and/or the Old Carco Liquidation Trust (the "Liquidation Trust") to indemnity from or insurance procured by FTE pursuant to a supplier agreement between FTE and Old Chrysler (the "Supplier Agreement"). FTE initiated this adversary proceeding seeking a declaration that it no longer owes any obligations to the defendants. The defendants moved to dismiss the adversary proceeding, or in the alternative, asked the Court to abstain from adjudicating the adversary proceeding or to exercise its discretion to refuse to entertain the request for declaratory relief. For the following reasons, the Court grants the motion to dismiss, or alternatively, refuses in the exercise of its discretion to grant declaratory relief.

## BACKGROUND

The underlying facts are not in dispute. Prior to the commencement of the bankruptcy case, Old Chrysler was engaged in the manufacture of automobiles. (*Complaint* at ¶ 9.) FTE supplied hydraulic clutch actuation systems that were incorporated into Old Chrysler's vehicles pursuant to the Supplier Agreement. (*Id.* at ¶ 8.)

Old Chrysler and affiliated entities[1] filed chapter 11 petitions in this Court on April 30, 2009 (the "Petition Date"), commencing the bankruptcy cases. Prior to the Petition Date, Old Chrysler entered into an agreement with Fiat S.p.A. and New Carco Acquisition LLC

---

[1] Old Chrysler and related debtor entities are referred to collectively as "Old Chrysler."

2

(collectively, "New Chrysler") to sell substantially all of Old Chrysler's operating assets free and clear of liens, claims, interests and encumbrances.[2]  In accordance with the procedures established by the Court,[3] Old Chrysler provided notice of its intent to assume and assign the Supplier Agreement with FTE to New Chrysler.  (*Complaint* at ¶ 21.)  The Court entered the *Sale Order* on June 1, 2009, which approved the assumption and assignment of the Designated Agreements to New Chrysler, (*id.* at ¶ 22), and on June 5, 2009, New Chrysler filed a notice confirming that the Supplier Agreement was one of the Designated Agreements that was being assumed and assigned to New Chrysler.  (*Id.* at ¶ 23.)

The Court confirmed Old Chrysler's *Second Amended Joint Plan of Liquidation* ("*Plan*") on April 23, 2010.[4]  The *Plan*, in Article III(E)(4), enjoined any holder of a claim against Old Chrysler from "commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against a Debtor, its Estate, the Liquidation Trust… (the "Plan Injunction")."  The *Confirmation Order* modified the Plan Injunction to allow the holders of any tort claims to commence or continue litigation to pursue "applicable insurance" and to name Old Chrysler as a nominal defendant in litigation solely for the purpose of collecting

---

[2]  *See Motion of Debtors and Debtors in Possession, Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, for (I) an Order (A) Approving Bidding Procedures and Bidder Protections for the Sale of Substantially All of the Debtors' Assets and (B) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; and (II) and Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and Related Procedures, and (C) Granting Certain Related Relief*, dated May 3, 2009 ("*Sale Motion*"), at ¶ 41 (ECF/Main Case Doc. # 190.)  "ECF Doc. #___" refers to the docket in this adversary proceeding, and "ECF/Main Case Doc. #___" refers to the docket in the bankruptcy case.

[3]  A more detailed discussion of the entire sale process may be found in *TRW v. Old Carco Liquidation Trust (In re Old Carco LLC)*, Adv. P. No. 14-2055, 2015 WL 1744167 (Bankr. S.D.N.Y. Apr. 14, 2015) ("*TRW*").

[4]  *Order Confirming Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified*, dated Apr. 23, 2010 ("*Confirmation Order*") (ECF/Main Case Doc. # 6875).)  A copy of the *Plan* is attached as Annex I to the *Confirmation Order*.

the proceeds of any such insurance (the "Insurance Exception"). (*Complaint* at ¶ 18; *Confirmation Order* at ¶ 30.) The *Confirmation Order* also authorized Old Chrysler to enter into the "Liquidation Trust Agreement,"[5] and transferred to and vested in the Liquidation Trust all of the remaining property of the estate. (*Id.* at ¶ 23; *accord Plan* at Art. IV(A)(1), (D).)

**A.    The Texas Action**

On March 26, 2014, Fernando Verde commenced the Texas Action against Old Chrysler, the Liquidation Trust, FTE and others. Verde alleged that clutch safety devices manufactured and sold by FTE to Old Chrysler and incorporated into certain manual transmission vehicles sold by Old Chrysler between 1994 and 2008 were defective. (*First Amended Complaint and Petition for Class Certification* ("*Verde Complaint*"), filed May 28, 2014, at ¶¶ 11-13.)[6] In Count I, Verde asserted a breach of implied warranty of merchantability claim against Old Chrysler and the Liquidation Trust as nominal defendants to recover any available insurance proceeds as permitted by the *Plan*. (*Id.* at ¶¶ 27-33.) Verde later revealed his belief that FTE was obligated to procure insurance for Old Chrysler's benefit and indemnify Old Chrysler pursuant to the parties' Supplier Agreement. (*Motion to Lift This Court's Stay as to Old Carco, LLC* at 38-39 of 43.)[7]

In response to the *Verde Complaint*, the Liquidation Trust filed a notice of the Plan Injunction and the Court's *Confirmation Order*. (*Complaint* at ¶ 27.) By order dated August 13,

---

[5]    A copy of the Form of Liquidation Trust Agreement is attached as Annex B-1 to the *Notice of Filing of Plan Exhibit X.A.93C and Revised Plan Exhibits X.A.142, X.A.143 and X.A.189.* (ECF/Main Case Doc. # 6787).

[6]    A copy of the *Verde Complaint* is attached as Exhibit A to the *Complaint.*

[7]    A copy of Verde's lift stay motion filed in the Texas District Court is annexed to *Complaint* as Exhibit C.

4

2014, the magistrate judge stayed the Texas Action pending a further order of this Court modifying or lifting the Plan Injunction. (*Id.*)[8]

**B.     This Adversary Proceeding**

On September 8, 2014, FTE initiated this adversary proceeding against Old Chrysler and the Liquidation Trust. The *Complaint* sought a declaratory judgment that the FTE did not owe any obligations to either defendant under the Supplier Agreement, neither defendant had enforceable rights under the Supplier Agreement, FTE was not required to provide liability insurance to or indemnify Old Chrysler or the Liquidation Trust, and the insurance provision in the Supplier Agreement was not "applicable insurance" under the *Confirmation Order*. (*Complaint* at 10.)

The Liquidation Trust moved to dismiss the adversary proceeding for lack of subject matter jurisdiction and for failure to state a claim. In the alternative, it asked the Court to abstain or refuse to exercise its discretionary authority to grant declaratory relief. (*See Motion of Old Carco Liquidation Trust for the Entry of an Order (I) Dismissing This Adversary Proceeding For (A) Lack of Subject Matter Jurisdiction and/or (B) Failure To State a Claim Upon Which Relief Can Be Granted and/or (C) Failure to Join a Necessary Party, or (II) Abstaining From Resolving This Adversary Proceeding or (III) Exercising Discretion Not to Grant Declaratory Judgment* ("*Motion to Dismiss or Abstain*"), dated Dec. 22, 2014 (ECF Doc. # 9).) Specifically, the Liquidation Trust contended that there was no actual controversy between it and FTE; the dispute was between FTE and Verde, who was not a party to this adversary proceeding. (*Id.* at

---

[8]     A copy of the magistrate judge's order is attached as Exhibit B to the *Complaint*. Verde thereafter moved to lift the magistrate judge's stay order. (*Complaint* at ¶ 28.) On March 13, 2015, the Texas District Court lifted the stay with the Liquidation Trust's consent. (*Order*, No. 6:14-cv-225 (E.D. Tex. Mar. 13, 2015) (KNM) (ECF Doc. # 135).).

5

¶¶ 10-12.) The Liquidation Trust also asserted that this action fell outside of the scope of the Court's post-confirmation jurisdiction and that FTE's failure to join Verde required dismissal. (*Id.* at ¶¶ 13, 19.)

FTE responded that an actual controversy existed between the parties because the Texas Action raised a question regarding their respective rights and obligations under the Supplier Agreement. (*Plaintiff's Opposition to Defendant's Motion to Dismiss or Abstain and Cross-Motion for Summary Judgment* ("*FTE Response*"), dated Jan. 12, 2015, at ¶ 13 (ECF Doc. # 14).)[9] FTE also argued that Verde was not a necessary party to this action, (*id.* at ¶ 15), that the Court had jurisdiction to interpret the *Sale Order* and its effect on the Supplier Agreement, (*id.* at ¶ 23), and that the Court should not decline to grant declaratory relief in the exercise of its discretion. (*Id.* at ¶ 25.) The Liquidation Trust filed a reply reiterating that no actual controversy existed between the Liquidation Trust and FTE. (*Reply of Old Carco Liquidation Trust in Support of Its Motion to Dismiss or to Abstain*, dated Jan. 19, 2015 (ECF Doc. # 17).)

## DISCUSSION

The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, provides in pertinent part:

> (a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Declaratory Judgment Act "creates a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy, or in which the party entitled to such a remedy fails to

---

[9] The Court stayed briefing on FTE's cross-motion for summary judgment until resolution of the *Motion to Dismiss or Abstain*. (*Transcript of Hearing Held on Jan. 22, 2015* ("*Jan. 22 Hearing Tr.*"), at 23:20-22 (ECF Doc. # 19).)

sue for it." *United States v. Doherty*, 786 F.2d 491, 498 (2d Cir. 1986) (internal quotations omitted). Subject matter jurisdiction under the Declaratory Judgment Act is limited to an actual controversy and is coextensive with the case or controversy standard embodied in Article III of the Constitution. *See Aetna Life Ins. of Hartford v. Haworth*, 300 U.S. 227, 239-40 (1937)). An actual controversy "must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*, 300 U.S. at 241. Often, the difference between an abstract question and an actual controversy is "necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Certain Underwriters at Lloyd's, London v. St. Joe. Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996). "Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co.*, 312 U.S. at 273; *accord Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011); *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) ("Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case-by-case basis") (citation omitted)). Furthermore, the parties must possess a sufficient interest to insure that the dispute will be presented in an adversary context. *Choate v. United States*, 413 F. Supp. 475, 480 (N.D. Okla. 1976). The party seeking a declaratory judgment has the burden of proving that the Court has jurisdiction. *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993))

7

FTE has not met its burden of proving the existence of an actual controversy between it and Old Chrysler or the Liquidation Trust regarding their respective rights under the Supplier Agreement. Old Chrysler has gone out of business, and the remaining property in its estate vested in the Liquidation Trust under the *Plan*. Hence, Old Chrysler has no further rights against FTE, and whatever it had now belongs to the Liquidation Trust.

Although the Liquidation Trust might have rights against FTE if Old Chrysler retained any rights against FTE relating to insurance or indemnity that vested in the Liquidation Trust under the *Plan*, the dispute between the Liquidation Trust and FTE is neither immediate nor real. The Liquidation has not asserted or threatened to assert a claim for indemnity or insurance and is not likely ever to do so. It has repeatedly stated on the record that it is not participating in the Texas Action and does not intend to take any action against FTE. (*Motion to Dismiss or Abstain* at ¶ 10; *Jan. 22 Hearing Tr.* at 6:15-16 ("[W]e have no position. We're not asserting any rights.").) In fact, the whole point of the Insurance Exception was to allow injured parties to name the Liquidation Trust as a nominal party, obtain a judgment and access insurance that the Liquidation Trust did not need.[10] In short, the Liquidation Trust will not assert rights to insurance or indemnity against FTE, has no interest in litigating those rights and there is no necessity to declare the rights in this adversary proceeding.[11]

---

[10] Unsecured creditors like Verde and the putative class will not receive any distribution under the *Plan*, *see TRW*, 2015 WL 1744167, at *11 n. 26, and the Liquidation Trust will not require indemnification or insurance on account of those claims.

[11] The situation presented to the Court in this proceeding is far different from the actual controversy presented in *TRW*. There, Masquat brought a class action contending that the Chrysler component manufactured by TRW was defective. The Liquidation Trust assigned whatever rights to indemnity it had under Old Chrysler's Supply Agreements with TRW to Masquat, TRW filed an action solely against the Liquidation Trust to declare that the Liquidation Trust had no right to indemnity, Masquat intervened in the adversary proceeding and moved to dismiss the complaint. Here, the Liquidation has not taken any actions suggesting that it has rights against FTE, and Verde is not before the Court.

8

In addition, a declaration of rights in this adversary proceeding might not resolve anything or amount to anything more than an advisory opinion. As the Liquidation Trust argues, the actual dispute lies between Verde and FTE. Verde seeks to obtain a nominal judgment against the Liquidation Trust and then enforce an indemnity obligation he believes that FTE owes to the Liquidation Trust or recover the insurance proceeds he believes that FTE procured for Old Chrysler's benefit. A declaratory judgment in this adversary proceeding may not have any preclusive effect in the Texas Action on Verde, whose rights are derivative of those of the Liquidation Trust. The parties have not briefed this issue, and the Court does not decide it, but if there is any chance that Verde will be bound, he is the party with the interest in litigating the question.

FTE's efforts to manufacture adversity fail. It posits that the Liquidation Trust's refusal to stipulate or agree that Old Chrysler's rights against FTE were transferred to New Chrysler coupled with its motion to dismiss is proof that the Liquidation Trust is siding with Verde and agrees that FTE has an obligation to insure and/or indemnify with respect to any judgment obtained by Verde against Old Chrysler. (*FTE Response* at ¶ 13.) The Liquidation Trust is under no obligation to stipulate to a judgment to resolve an action that lacks jurisdiction to enter the judgment in the first place. Moreover, the mere suggestion that such a stipulation would or should be an appropriate resolution of this declaratory judgment action demonstrates the absence of any true controversy or adversity. Accordingly, the Court concludes that it lacks subject matter jurisdiction over FTE's declaratory judgment action.

Even where subject matter jurisdiction exists, the Court has discretion to decide whether to entertain a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The factors that guide the exercise of the Court's discretion include

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved" and "(2) whether a judgment would finalize the controversy and offer relief from uncertainty." . . . Other circuits have added additional factors: (3) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata,' " (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court," and (5) "whether there is a better or more effective remedy."

*Niagara Mohawk Power Corp. v. Hudson River-Black Water Regulating District*, 673 F.3d 84, 105 (2d Cir. 2012) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003)); *accord Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 (2d Cir. 2012).

All of the factors other than factor no. 4 weigh in favor of exercising the Court's discretion not to grant declaratory relief. For the reasons stated, a declaratory judgment will not serve a useful purpose because the Liquidation Trust is not and will not assert an indemnity claim against FTE. In addition, a declaratory judgment may not completely resolve the issue or eliminate any uncertainty because Verde is not a party and may not be bound by the declaratory judgment. In fact, it appears that the only reason that FTE brought this proceeding was to obtain a ruling that it could use as precedent against Verde or preclude his claims in the Texas Action and in a similar class action subsequently filed in Oklahoma. (*FTE Response* at ¶ 26 ("[A] ruling by this Court would avoid potentially inconsistent rulings in other jurisdictions. . . . Absent a ruling from this Court, both the Texas Action and the Oklahoma Action will require an interpretation of the Sale Order's effect on the Supplier Agreement between FTE and Old Carco.").) The better and more effective remedy would be to litigate the question in the court where the true adversary parties are present, whether in Texas, Oklahoma or in this Court upon transfer of the issue by the courts in which the litigation is pending. *See, e.g., Burton v. Chrysler Group, LLC*, 492 B.R. 392 (Bankr. S.D.N.Y. 2013) (interpreting effect of the *Sale Order* following transfer of the issue by the Delaware District Court to this Court). Consequently, this

10

Court declines in the exercise of discretion to grant declaratory relief even if it had subject matter jurisdiction to entertain the adversary proceeding.

The *Complaint* is, therefore, dismissed. The Court has considered the parties' other arguments and concludes that they have been rendered moot or lack merit. The parties are directed to settle an appropriate order on notice.

Dated: New York, New York
May 27, 2015

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge